FILED
CLERK, U.S. DISTRICT COURT
12/9/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: RYO DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TU ANH TRAN, and<br>TRUC DOAN,<br><br>Defendants. | CR 8:25-cr-00250-JVS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 659: Possession of Property Stolen from Interstate or Foreign Shipment; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 659, 2(a)]

[ALL DEFENDANTS]

On or about November 7, 2025, in Orange County, within the Central District of California, defendants TU ANH TRAN and TRUC DOAN, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly possessed goods and chattels having a value in excess of $1,000, that is, approximately 1,100 cartons of Skechers brand merchandise valued at approximately $400,000, which had been embezzled and stolen from a trailer while moving as, and while a part

of interstate commerce from the State of California to the State of Washington, knowing such goods and chattels to have been embezzled and stolen.

COUNT TWO

[18 U.S.C. §§ 659, 2(a)]

[ALL DEFENDANTS]

On or about November 13, 2025, in Orange County, within the Central District of California, defendants TU ANH TRAN and TRUC DOAN, each aiding and abetting the other, knowingly possessed goods and chattels having a value in excess of $1,000, that is, approximately 61 palettes of Harbor Freight brand merchandise valued at approximately $98,000, which had been embezzled and stolen from a trailer while moving as, and while a part of interstate commerce from the State of Washington to the State of Colorado, knowing such goods and chattels to have been embezzled and stolen.

COUNT THREE

[18 U.S.C. §§ 659, 2(a)]

[ALL DEFENDANTS]

On or about November 13, 2025, in Orange County, within the Central District of California, defendants TU ANH TRAN and TRUC DOAN, each aiding and abetting the other, knowingly received and possessed goods and chattels having a value in excess of $1,000, that is, approximately 4 palettes of Milwaukee Tools brand merchandise valued at approximately $93,000, which had been embezzled and stolen from a trailer while moving as, and while a part of interstate commerce from the State of California to the State of Illinois, knowing such goods and chattels to have been embezzled and stolen.

COUNT FOUR

[18 U.S.C. §§ 659, 2(a)]

[ALL DEFENDANTS]

On or about November 13, 2025, in Orange County, within the Central District of California, defendants TU ANH TRAN and TRUC DOAN, each aiding and abetting the other, knowingly received and possessed goods and chattels having a value in excess of $1,000, that is, approximately 118 palettes of Mercedes Benz brand merchandise valued at approximately $1,450,000, which had been embezzled and stolen from a trailer while moving as, and while a part of foreign commerce from Germany to the United States of America, knowing such goods and chattels to have been embezzled and stolen.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division



FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

RAHUL R.A. HARI
Assistant United States Attorney
General Crimes Section