H. Dean Steward SBN 85317
17 Corporate Plaza Dr., Ste. 254
Newport Beach, CA 92660
949-481-4900
deansteward7777@gmail.com

Attorney for Defendant
Tu Anh Tran

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>Tu Anh Tran, et. al.<br><br>Defendants. | Case No. SA-CR-250-JVS<br><br>MOTION TO DISMISS INDICTMENT; DECLARATION OF COUNSEL; [Proposed Order]<br><br>Hearing Date: August 3, 2026<br>Time: 9:00 AM |

TO: First Assistant Bill Essayli and Asst. U.S. Attorneys Julian Xu and Zakariya Varshovi- Please take notice that on the above date and time, the defendant and counsel will bring the attached motion to dismiss the indictment.

Dated: June 19, 2026 /s./ H. Dean Steward

H. Dean Steward
Counsel for Defendant
Tu Anh Tran

TABLE OF CONTENTS

I. Background and Introduction 5

II. Critical Nature of Senate Review and Investigation of Potential U.S. Attorney Nominees 7

III. "Tricks" Played by Trump Administration 9

IV. Similar Cases Nationwide 10

V. Requested Remedies 11

VI. Conclusion 12

Declaration of Counsel 13

Proof of Service 14

TABLE OF AUTHORITIES

**Cases**


| | |
|---|---|
| *U.S. v. Eaton* 169 U.S. 331 (1898) | 7 |
| *U.S. v. Comey / U.S. v. James* (Eastern Dist. North Carolina) | |
| CR-25-272; Appeal to 4th Cir.-25-4674 | 10 |
| *U.S. v. Garcia* (Central Dist. Of California) | |
| CR-25-655-MEMF | 6 |
| *U.S. v. Garcia* (Dist. of Nevada) CR-25-230-DGL | |
| Appeal to 9th Cir. 25-6229 | 11 |
| *U.S. v. Giraud* 160 F.4th 390 (3rd Cir. 2025) | 7,11 |
| *U.S. v. Ramirez* (Central Dist. of California) | 6 |
| CR-25-264-SSS | |
| *U.S. v. Rojas* (Central Dist. of California) | 6 |
| CR-22-573-FSW | |


**Statutes**


| | |
|---|---|
| Art. II, §2, cl. II, U.S. Constitution | 7 |
| 5th Amend. U.S. Constitution | 5 |
| 5 USC §3345 | 8-9 |
| 18 USC §509-510 | 12 |
| 18 USC §659 | 6 |
| 28 USC §509-510 | 12 |
| 28 USC §541(a) | 7 |
| 28 USC §546 | 9 |


**Other Authorities/Citations**


| | |
|---|---|
| ►G. Arellano, *"Under Trump, the bootlickers have come out in force. Minneapolis cements it."*, Los Angeles Times, 1-26-26, Voices Section | 8 |

►Legislative History, See S. Rep. No. 105-250, at 17 (1998);
144 Cong. Rec. 22,511 (1998). 12

►M. Greene, R. Rybicki, U.S. Congress,
*Senate Consideration of Presidential Nominations*
*Committee and Floor Procedure,*
https://www.congress.gov/crs-product/RL31980 8

MEMORANDUM OF LAW

**I. Introduction and Background**

This motion seeks the dismissal of the instant indictment and the removal of Bill Essayli from any position in the U.S. Attorney's Office in this District. Mr. Essayli is serving as First Assistant U.S. Attorney and his involvement in this and any other position in the Office illegal and unconstitutional. All of Mr. Essayli's positions as the head of the U.S. Attorney's Office for the Central District of California are nothing but an obvious end run around the requirements of Senate confirmation for all U.S. Attorneys.

This motion is brought pursuant to the Court's inherent supervisory authority, the Due Process Clause of the United States Constitution, Amend. 5 and the Court's obligation to preserve the integrity, impartiality and fundamental fairness of criminal proceedings before it. It is also brought to preserve the record on what amounts to government misconduct.

Mr. Essayli was appointed as Interim U.S. Attorney on April 2, 2025. The term of that temporary appointment expired on July 31, 2025. Two days before the expiration of that appointment, Mr. Essayli resigned as Interim U.S. Attorney and was appointed Acting U.S. Attorney by the Department of Justice in Washington D.C.

On October 28, 2025, the Honorable Michael Seabright, Senior District Court Judge in the District of Hawaii, sitting by designation, held that Mr. Essayli was not lawfully serving as Acting U.S. Attorney in connection with the prosecutions of

defendants Jamie Ramirez (CR25-264-SSS), Ismael Garcia (CR-25-655-MEMF) and Ronny Rojas (CR-22-573-FWS).

The indictment in this matter was filed on December 9, 2025, 2025, charging defendant with violation of 18 USC §659, possession of stolen goods in interstate commerce. At that time, Mr. Essayli was First Assistant U.S. Attorney but was running the office as the U.S. Attorney.

The purpose of this motion is not to re-litigate the *Ramirez* case decision of Judge Seabright. That ruling remains operative and the defense agrees with the Court.

However, the decision did not go far enough in the remedy. Judge Seabright acknowledged as much in his October 28 ruling:

"The court shares Defendants' concern that this result appears to 'be little remedy at all.' " (Quoting from defense brief)

*U.S. v. Ramirez* CR-25-692-MEMF, p. 53, Docket #56

This conclusion is concrete and correct- the Trump administration has concocted various schemes to avoid Senate scrutiny of their appointees. Perhaps it is due to their fear that Trump appointees would never fair well under Senate scrutiny. But the political reasons are irrelevant to this motion. The unconstitutional actions of this administration are the point.

The current administration's plan is to put in place individuals as heads of U.S. Attorney's Offices nationally who are in full lock step with President Trump. The

current administration has used various schemes to avoid Senate confirmation for these individuals, as with Mr. Essayli.

**II. Critical Nature of Senate Review and Investigation of Potential U.S. Attorney Nominees**

The Constitution requires that "Officers of the United States" be nominated by the President and confirmed by the Senate, except that Congress may authorize certain other means of appointment for "inferior Officers." U.S. Const. art. II, § 2, cl. II. This includes nominees to be U.S. Attorney. 28 U.S.C. § 541(a).

The Senate confirmation process can be lengthy, so Congress has provided various means by which someone can fill the officer's role in an acting or interim capacity until the Senate confirms a presidentially appointed nominee. Critically, such acting or interim service is permitted, despite the Constitution's Appointments Clause, for a "limited time, and under special and temporary conditions." *U.S. v. Giraud* 160 F.4th 390 (3rd Cir. 2025); *U. S. v. Eaton*, 169 U.S. 331, 343 (1898). No such special or temporary circumstances exist for Mr. Essayli's appointment.

The process of appointing someone to fill the gap between nomination and confirmation was never intended to be used to fill these positions with administration sycophants. But this is the exact administrative action that has been taken with Mr. Essayli, who has been described as follows:

"Then there's Bill Essayli. When it comes to saying anything to please a president with autocratic dreams, the former Assembly member is a bootlicking All-Star."

G. Arellano, *"Under Trump, the bootlickers have come out in force. Minneapolis cements it.",* Los Angeles Times, 1-26-26, Voices Section.

The significant purpose of a Senate confirmation investigation and hearing is several fold. First, (and foremost for this motion) is the prevention of abuse of power by the executive branch. The process is to weed out unqualified lackies nominated by the President. This is part of the checks and balances of our governmental system.

Second, the process reviews and evaluates the skills, integrity, career history and financial disclosures of the nominee, all of which are important factors. Third, Senate investigations check for conflicts of interest. Much of the investigation is done by Senate staff and by FBI background checks. The Trump administration has stubbornly fought to avoid the public protections of a Senate investigation into their selected U.S. Attorney picks.

M. Greene, R. Rybicki, U.S. Congress, *Senate Consideration of Presidential Nominations: Committee and Floor Procedure,* https://www.congress.gov/crs-product/RL31980.

**III. "Tricks" Played by Trump Administration**

The current administration has made an end run around the Senate confirmation process for U.S. Attorneys by exploiting the Federal Vacancies Reform Act of 1998, 5

USC §3345, together with specialized appointment statutes. This allows the executive branch to temporarily install loyalists, delay permanent nominations, and circumvent the constitutional requirement for Senate advice and consent.

This administration has employed multiple methods and loopholes to bypass the Senate:

- The "Acting" or "Interim" Loophole: Under 28 U.S. Code § 546, the Attorney General can appoint an interim U.S. Attorney for 120 days, if the individual is not someone the Senate has already refused to confirm. After this 120-day period expires, a federal district court judge can appoint someone to serve until the vacancy is filled.

- Federal Vacancies Reform Act, supra, (FVRA) Extensions: The FVRA restricts "acting" officials from serving longer than 210 days. However, this administration has combined the interim appointment limit with the FVRA limit to keep Mr. Essayli in power for extended periods.

- The "Special Attorney" Tactic: The Department of Justice has designated desired political candidates as "special attorneys" or assigning them to other roles whose day-to-day duties perfectly mimic those of a U.S. Attorney, essentially rendering Senate-confirmed leadership unnecessary. This is the precise action that the Trump administration has taken in this District with Mr. Essayli.

- Strategic Standoffs: The Trump administration has actively delayed submitting a permanent nomination to keep an unconfirmed acting official in the role.

None of these statutes were enacted to support the avoidance of a Senate investigation and hearing on each U.S. Attorney candidate. The proper role for such temporary appointments is that of a placeholder, nothing more.

**IV. Similar Cases Nationwide**

Because the vast majority of U.S. Attorney vacancies today have gone unconfirmed by the Senate, other similar defense challenges across the country have been filed with success.

1. Eastern District of Virginia- The Comey/James Dismissal: District Court Judge Cameron Currie dismissed federal indictments against former FBI Director James Comey and New York Attorney General Letitia James. The judge ruled that interim U.S. Attorney Lindsey Halligan's appointment violated Section 546 and the Constitution, meaning she had no lawful authority to present the indictments. Judge Currie found that Halligan could not have brought charges against Comey and James because Trump and Attorney General Pam Bondi circumvented vacancy laws to appoint her. *U.S. v. Comey*/ *U.S. v. James*- Case No. 1:25-cr-272. The case is on appeal to the 4th Circuit, case #25-4674.

2. District of New Jersey- both the district court and the 3rd Circuit Court held that Acting U.S. Attorney Alina Habba was disqualified to continue as Acting. Both courts ruled that her appointment violated the Federal Vacancies Reform Act, prompting her to officially step down from the position. District Court: *U.S. v. Giraud* supra, Third Cir. cases: 25-2635 & 25-2636.

3. District of Nevada- Acting U.S. Attorney Sigal Chattah: The District Court, Judge David G. Campbell, ruled that the administration could not bypass Congress by continually shuffling unconfirmed loyalists into acting positions. *U.S. v. Garcia, et. al.* CR-25-230-DGL. Order on 9-30-25. The matter is pending decision in the 9th Circuit. Case #25-6229.

**V. Requested Remedies**

Because the Essayli positioning by the Trump administration is irregular, unconstitutional and illegal, the defense here requests two remedies:

1. Dismissal of the indictment against Mr. Tran, due to multiple violations of law, as set out above, in the placement of Mr. Essayli as the head of the U.S. Attorney's Office.

2. Disqualification of Mr. Essayli from holding any position in the U.S. Attorney's Office for the Central District of California.

**VI. Conclusion**

In a slightly different context, Congress has opined on using various statutes to avoid scrutiny of executive branch nominees by the Senate-

> "Very broad, very general provisions [in this case 28 U.S.C. § 509-510)] ... are being used to justify what amounts to an end run around the Vacancies Act and that accepting Department of Justice's position would mean Congress had 'systematically divested itself of its constitutional responsibility to advise and consent'".
>
> See Legislative History, *See* S. Rep. No. 105-250, at 17 (1998); 144 Cong. Rec. 22508-22,511 (1998).

Such is the Trump administration's crystal-clear end run around Congress to place Mr. Essayli in the U.S. Attorney's Office in this District.

Dated: June 19, 2026 /s./ H. Dean Steward

H. Dean Steward
Counsel for Defendant
Tu Anh Tran

**DECLARATION OF COUNSEL**

I, H. Dean Steward, declare:

1. I am retained counsel for defendant Tu Anh Tran.

2. I make this declaration in support of the defense motion to dismiss the indictment herein.

3. The statements contained in the attached Memorandum of Law are true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 19, 2026

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza Dr., Ste. 254, Newport Beach, CA 92660.

I am not a party to the above-entitled action. I have caused, on 6-19-26, service of the defendant's:

**Motion to Dismiss Indictment**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Zakariya Varshovi and Julian Xu**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-19-26

s/ H. Dean Steward

H. Dean Steward